IN THE MATTER OF GEORGE HANNBERGER, EX PARTE.

1. CONTEMPT PROCEEDINGS—PRACTICE.

It is not fatal to a contempt proceeding that the mittimus is issued under the title of the cause in which the contempt is charged, although the better practice would be to have the mittimus entitled and issued in a regular contempt proceeding.

2. CONTEMPT UNDER SEC. 5239, REV. STAT.

A person charged with contempt, who is not yet under arrest, but who has been ordered to appear at a time fixed, stands in the attitude of a witness or juror, and, upon failure to appear, may be punished for contempt under sec. 5639, Rev. Stat., conferring power "to punish summarily a person guilty of misbehavior in the presence of or so near the court as to obstruct the administration of justice;" and this punishment may be imposed without the filing of a new charge for this particular contempt.

APPLICATION for a writ of habeas corpus.

SMITH, J.

The facts in this case briefly stated are these: The relator, Hannberger, filed a petition in the court of common pleas against his wife, Catharine, for divorce. It was granted, but the court by its decree ordered that he pay her a certain sum in weekly installments as alimony. He failed to do so, and complaint was made by his former wife asking that he be attached for contempt of court in failing to do so, it being alleged that he was able to do so but wilfully refused to do it. Thereupon the court directed charges for contempt to be filed against him, in the name of the state, which was done, and an entry made on the journal directing him to be served with a copy thereof, and fixing the time for the hearing thereof. A copy of the complaint and of the entry were duly served upon the relator.

It further appears that at the time fixed, relator appeared and the hearing commenced, but the court adjourned the further hearing for a day certain and notified the relator to return at the time fixed. He did not do so, and thereupon an attachment issued for him, and he was brought into court to answer for his contempt in disobeying the order of the court. This was entitled as of the original title of the divorce proceeding. A hearing was had, and he was examined as to his disobedience of the order to appear at the time fixed, and the court found that he was guilty of contempt in disobeying the order, and on March 19 ordered him to be confined in jail until March 20, 1900, at 6 p. m., and a mittimus was issued entitled George Hannberger v. Catharine Hannberger committing him to the custody of the sheriff.

Relator claims his discharge mainly on the ground the mittimus is entitled as of the original divorce suit, instead of having the title of the state of Ohio v. the relator in the contempt case. The proceedings all grew out of this original case, and while it would have been better, perhaps, to have the mittimus appear to have issued in a contempt proceeding, we do not think the omission fatal to it. In Wilds' Journal Entries, page 207, it is said: "In making those entries the title of the

36   O. C. D.   Vol. 10

proceedings should be as above, unless they are made in a case already on the docket, in which case they should have the title of such case."

We have had some question on the point whether the relator was subject to punishment for contempt in disregarding the order of the court to return on the day fixed. He was not then under arrest. He had only been notified to appear and did appear at the time originally fixed, though he was subject to be attached on the filing of the charges. He was rather in the attitude of a party and witness, and as such we think stood somewhat in the attitude of witnesses or jurors, who can not disobey such orders of the court without being subject to contempt. And when the order was made for relator to return at the time set for the adjourned hearing, and he disobeyed, he could be attached and punished for contempt under sec. 5639, Rev. Stat., without the filing of a new charge for this particular contempt, the section allowing the court "to punish summarily a person guilty of misbehavior in the presence of or so near the court as to obstruct the administration of justice," which would, we think, be the case if such an order would be disobeyed. The writ is refused.

*Charles L. Lundy*, for the writ.

*Ed. M. Spangenberg*, contra.